UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Indianapolis Division

| | |
|---|---|
| JONATHAN R. BLAND, )<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>EXPERIAN INFORMATION SOLUTIONS, INC., )<br>and SHEFFIELD FINANCIAL CORPORATION, )<br>    *Defendants*. ) | **Cause No. 1:17-cv-03146** |

## COMPLAINT WITH JURY TRIAL DEMAND

### PRELIMINARY STATEMENT

1. This action is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable reinvestigations with respect to such information.

2. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 (West) *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources (called "furnishers") that provide credit information to credit reporting agencies.

## PARTIES

3. Plaintiff, Jonathan R. Bland (hereinafter "Bland"), is a natural person who resides in Avon, Indiana.

4. Bland is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C.A. § 1681a(c) (West).

5. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a credit bureau that conducts business in Indiana.

6. Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and use interstate commerce to prepare and/or furnish the reports, and accordingly, are each considered a "consumer reporting agency" as that term is defined by 15 U.S.C.A. § 1681a(f).

7. Sheffield Financial Corporation (hereafter "Sheffield") regularly and in the ordinary course of business furnished information to one or more consumer reporting agencies about Bland's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C.A. § 1681s-2 (West).

## JURISDICTION AND VENUE

8. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 *et seq.*, jurisdiction of this Court arises under 28 U.S.C.A. § 1331 (West).

9. Venue is proper in this Court because a substantial part of the claim arose in Indiana, Bland resides in Indiana and all Defendants "reside" in Indiana, as that term is used in 28 U.S.C.A. § 1391 (West).

## FACTUAL ALLEGATIONS

10. On or about August 5, 2011, Bland filed a Chapter 13 bankruptcy proceeding in the Southern District of Indiana, under Cause No. 11-9934-JKC-13.

11.     Sheffield was listed on his Schedule D, showing a claim in the amount of $2,300.00. A copy of the aforementioned Schedule D is attached hereto as "Exhibit A."

12.     Bland met all requirements of his Chapter 13 bankruptcy and as a result, he received a discharge of his debts by Order dated January 4, 2017. A copy of the aforementioned Order of Discharge is attached hereto as "Exhibit B."

13.     Bland's obligation to Sheffield was discharged.

INACCURATE INFORMATION REPORTED BY EXPERIAN

14.     Sometime in March of 2017, Bland obtained a copy of his consumer credit report as published by Experian.

15.     The report contained erroneous information as provided by Sheffield published and reported by Experian. Specifically, the Experian credit report failed to reflect that Bland's former obligation to Sheffield had been discharged on January 4, 2017.

16.     In a letter dated March 27, 2017, Bland disputed the inaccurate and misleading information set forth above to Experian and advised Experian of the specific facts that rendered the reporting inaccurate and misleading.  A copy of the dispute letter is attached hereto as "Exhibit C."

17.     Upon information and belief, Experian timely notified Sheffield of Bland's dispute in accordance with 15 U.S.C.A. § 1681i (West).

18.     In response, within a document dated April 29, 2017, Experian advised Bland that it had researched his dispute and the current status was being reported correctly.  However, Experian provided a copy of the tradeline as reported that reproduced the errors identified by Bland in her original dispute letter and as set forth above. A copy of the Experian reinvestigation report is attached as "Exhibit D."

19. Experian was required to communicate the specifics of Bland's dispute to Sheffield. Likewise, Sheffield each had a duty to investigate the dispute and accurately report their findings to Experian.

20. Experian had an affirmative duty to reasonably reinvestigate the dispute submitted by Bland and to accurately report the tradeline information notwithstanding the information it received from Sheffield.

INACCURATE INFORMATION AS IT PERTAINS TO ALL DEFENDANTS

21. Experian and Sheffield are each responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared databases.

22. Experian and Sheffield, independently and jointly, breached their duties as described above.

23. Due to their respective failure to conduct reasonable reinvestigations of Bland's dispute, the errors and misleading information set forth above, were not appropriately deleted or modified.

24. By inaccurately reporting debt information after receiving notice of its errors, Experian, and Sheffield failed to take appropriate measures as set forth in 15 U.S.C.A. § 1681s-(2)(b)(1)(D) and 1681s-(2)(b)(1)(E).

25. As a result of Defendants' willful actions and omissions, Bland is eligible for actual damages, statutory damages, punitive damages and reasonable attorney's fees.

**TRIAL BY JURY**

26. Bland is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNTS I & II: VIOLATION OF THE FCRA
[15 U.S.C.A. § 1681e(b) and 1681i (West)]

27. Bland incorporates by reference all preceding paragraphs as though fully stated herein.

28. Experian willfully and/or negligently violated 15 U.S.C.A. §1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Bland's consumer reports.

29. Experian also willfully and/or negligently violated 15 U.S.C.A. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Bland's dispute and by failing to appropriately delete or modify inaccurate information in Bland's file.

30. As a result of Experian's violation of 15 U.S.C.A. § 1681e(b) and 15 U.S.C.A. §1681i Bland has suffered actual damages and is therefore entitled to recover actual damages pursuant to 15 U.S.C.A. § 1681n and 1681o (West).

31. Experian's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C.A § 16810.

32. Bland is entitled to recover costs and attorney's fees from Experian pursuant to 15 U.S.C.A. § 1681n and 1681o.

### COUNT III: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
[15 U.S.C.A. § 1681s-2(b)]

33. Bland incorporates by reference all preceding paragraphs as though fully stated herein.

34. Sheffield willfully and/or negligently violated 15 U.S.C.A. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Bland's dispute from one or more consumer reporting agencies, and/or by failing to review all relevant information provided by the consumer reporting agencies, and/or by failing to appropriately report the results of its investigations, and/or by failing to appropriately modify, delete, and/or block the inaccurate information.

35. As a result of Sheffield's violations of 15 U.S.C.A. § 1681s-2(b), Bland has suffered actual damages and is therefore entitled to recover actual damages under 15 U.S.C.A. § 1681n and 1681o.

36. Sheffield's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

37. Bland is entitled to recover costs and attorney's fees from Sheffield pursuant to 15 U.S.C.A. § 1681n and 1681o.

**WHEREFORE**, Bland respectfully requests the following relief:

a. Actual damages;
b. Statutory damages;
c. Punitive damages pursuant to 15 U.S.C.A. § 1681n;
d. Reasonable attorney's fees and costs pursuant to 15 U.S.C.A. § 1681n and/or 1681o;
e. That an Order be issued for the Defendants to modify, delete or block the inaccurate information being reported; and
f. Such other and further relief as may be just and proper.

Respectfully submitted,

*/s/ Keith L. Hancock*
Keith L. Hancock, No. 26397-49
**BARKER HANCOCK & COHRON**
198 South Ninth Street
Noblesville, IN 46060
Telephone: (317) 203-3000
khancock@bhclegal.com
*Counsel for the Plaintiff*